FILED Rec'd 10/5/12
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 03 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FRANTZ PHILIPPE,

                          Plaintiff,

          -against-

NEW YORK CITY DEPARTMENT OF EDUCATION,

                          Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**

**11-CV-3693 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

The court assumes familiarity with the facts and administrative proceedings in this case, which are set forth in detail in Magistrate Judge Cheryl L. Pollak's Report and Recommendation ("R&R") dated March 20, 2012. (See R&R (Docket Entry # 19) at 1-7.) Plaintiff Frantz Philippe brought this action against the New York City Department of Education ("DOE"),[1] alleging that he was unlawfully terminated from his position as a bus driver for the DOE on the basis of his race and age. (Compl. (Docket Entry # 1).) On April 25, 2012, the court adopted Judge Pollak's R&R recommending that Defendant's motion to dismiss the Complaint be granted but that Plaintiff be given leave to amend the Complaint. (Apr. 25, 2012, Order (Docket Entry # 20).) Plaintiff filed an Amended Complaint on May 5, 2012. (Am. Compl. (Docket Entry # 22).) Defendant moved to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def. Mot. (Docket Entry # 29).) For the reasons that follow, however, the court lacks subject matter jurisdiction over the Amended Complaint; it is therefore DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[1] Although the DOE is not a suable entity under the New York City Charter, the court construes Plaintiff's action as being brought against the City of New York. See Sanders v. N.Y. City Dep't of Housing Pres. & Dev., No. 09-CV-4054 (RMB) (AJP), 2010 WL 3025651, at *1 n.1 (S.D.N.Y. July 28, 2010).

1

Rule 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Subject matter jurisdiction lies only in cases that involve either (1) diversity of citizenship of the parties and an amount-in-controversy exceeding $75,000, see 28 U.S.C. § 1332; or (2) a federal question, see id. § 1331. See also Perpetual Sec., Inc. v. Tangu, 290 F.3d 132, 136 (2d Cir. 2002).

Plaintiff has not shown that he is a citizen of a different state from Defendant. "The City of New York is, not surprisingly, a citizen of the State of New York." Schavone Constr. Co. v. City of N.Y., 99 F.3d 546, 548 (2d Cir. 1996). Plaintiff does not identify his state of citizenship in his Amended Complaint, but a number of his submissions to the court state that he resides at 463 Berriman Street, Brooklyn, New York (see, e.g., Compl. at 2; Am. Compl. at 2), and this appears to be his current address (see July 10, 2012, Docket Entry). The fact that Plaintiff resides in New York does not necessarily establish his citizenship for diversity purposes. See Palazzo ex rel. Delmange v. Corio, 232 F.3d 38, 42 (2d Cir. 2000); Leveraged Leasing Admin. Corp. v. PacifiCorp Capital, Inc., 87 F.3d 44, 47 (2d Cir. 1996). Nevertheless, because Plaintiff has given no indication that his citizenship is anywhere other than New York, and does not claim that jurisdiction lies based on diversity of citizenship (cf. Am. Compl. at 2), the court may not assert jurisdiction on this basis. See Hakala v. Deutsche Bank, No. 00-CV-1335 (RWS), 2000 WL 1425049, at *1 (S.D.N.Y. Sept. 26, 2000) (dismissing for lack of subject matter jurisdiction where it could not "be determined whether jurisdiction would lie based on diversity of citizenship since [there were] no allegations as to the citizenship of the parties").

"Federal question jurisdiction exists where a well-pleaded complaint establishes either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Greenberg v. Bear, Stearns & Co., 220 F.3d

2

22, 25 (2d Cir. 2000) (internal quotation marks omitted). Although the court had federal question jurisdiction to resolve Plaintiff's original Complaint, it lacks such jurisdiction over his Amended Complaint.

Plaintiff's *original* Complaint consists of a pre-printed form in which he checked off a box indicating that he was bringing an action for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et. seq. (see Compl. at 1); a box indicating that the discriminatory conduct of which he was complaining included "[t]ermination of [his] employment" (id. at 3); and boxes indicating race and age as the basis for the purported discrimination (id.). His Complaint also incorporates by reference a charge he filed with the Equal Employment Opportunity Commission ("EEOC"), which states that Defendant "never treated white drivers in [his] company like they were done to me [sic]." (Id. at 8.) In ruling on Defendant's motion to dismiss the original Complaint, the court agreed with Judge Pollak's recommendation that the Complaint had failed to sufficiently allege that Plaintiff's termination was the result of discrimination, and thus dismissed that Complaint under Rule 12(b)(6). (See Apr. 25, 2012, Order; R&R at 13-14.)

In his Amended Complaint, Plaintiff did not check off any of the boxes indicating the federal statute upon which his action is based (see Am. Compl. at 1); he wrote "N/A" (not applicable) next to the options listed for him to indicate "[t]he discriminatory conduct of which [he] complain[s]" (id. at 3); and he checked off none of the boxes indicating the basis of any claim of discrimination (whereas in his original Complaint he had checked off race and age) (see id.). His Amended Complaint contains a short paragraph setting forth the factual basis for his claim, but there is no allegation in this paragraph related to race or other discrimination; the paragraph merely attempts to call into question the results of an investigation of Plaintiff

3

conducted by the DOE's Office of Pupil Transportation. (See id. at 4; see generally R&R at 6.) The Amended Complaint contains no reference at all to his race or any allegation of discrimination; indeed, Plaintiff does not even attach to his Amended Complaint the EEOC charge—which made the reference to "white drivers" in the DOE—that he attached to his original Complaint. In other words, Plaintiff appears to have disavowed any reliance upon federal law or a claim of discrimination as a basis for his action.

For these reasons, the court lacks subject matter jurisdiction over the Amended Complaint; it is therefore DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

S/Judge Garaufis

Dated: Brooklyn, New York
October 3, 2012

NICHOLAS G. GARAUFIS
United States District Judge